NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRIAN PALADINO,                    :
                                   :    Civil Action No. 12-1211 (DMC)
            Petitioner,            :
                                   :
       v.                          :    OPINION
                                   :
CHARLES WARREN, et al.,            :
                                   :
            Respondents.           :

APPEARANCES:

Petitioner pro se
Brian Paladino
New Jersey State Prison
P.O. Box 861
Third and Federal
Trenton, NJ 08625

CAVANAUGH, District Judge

    Petitioner Brian Paladino, a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The named respondents are Warden Charles

---

    [1] Section 2254 provides in relevant part:

    (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Warren, Gary M. Lanigan, and the New Jersey Department of Corrections.

Based on his affidavit of indigence, the Court will (1) grant Petitioner's application to proceed in forma pauperis and direct the Clerk of the Court to file the Petition. Because it appears that the Petition is time-barred, this Court will order Petitioner to show cause why the Petition should not be dismissed with prejudice. See 28 U.S.C. § 2243.

I. BACKGROUND

A. Factual Background

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[2]

> The charges arose out of the stabbing death of defendant's roommate, Nicholas Frega, and defendant's use three days later of a credit card owned by a different victim. After killing Frega by stabbing him in the back of his neck near the base of his skull, defendant and a co-defendant dumped Frega's body into the Passaic River, disposed of the murder weapon, and disposed of other evidence. When arrested, defendant confessed to killing Frega and told police where he disposed of the evidence.

State v. Paladino, 2010 WL 5109940, *1 (N.J. Super. App.Div. Dec. 16, 2010).

---

[2] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

B.  Procedural History

A Bergen County grand jury indicted Petitioner on charges of first degree murder, N.J.S.A. 2C:11-3a(1), (2); fourth degree credit card theft, N.J.S.A. 2C:21-6c; third degree fraudulent use of credit cards, N.J.S.A. 2C:21-6h; third degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3; N.J.S.A. 2C:39-4d.

On April 13, 2004, he entered an unconditional guilty plea to all the charges against him.

> Following a plea colloquy, the trial court found defendant had pled guilty freely, voluntarily, and without any duress or coercion. The trial court also found that defendant understood the nature and consequences of the plea. Finally, the trial court found that despite long-term medical treatment, defendant was "lucid, cognitive of the surroundings, and was fully aware of the words being spoken today." The trial court commented that defendant was pleasant and articulate when he spoke. When asked by the court if he was satisfied with his attorney, defendant responded that his attorney had been excellent.

State v. Paladino, 2010 WL 5109940, *1.  On May 28, 2004, the trial court imposed an aggregate sentence of 30 years' imprisonment, with a 30-year parole disqualifier.  (Petition, Ex., Judgment of Conviction.)

On September 20, 2006, Petitioner filed an untimely notice of appeal,[3] along with a motion to file the appeal as within time.  On December 18, 2006, the Superior Court of New Jersey,

---

[3] Pursuant to New Jersey Court Rule 2:4-1(a), the time for filing a notice of appeal is 45 days.  Thus, Petitioner had until July 12, 2004, to file a timely notice of appeal.

3

Appellate Division, entered an order denying without prejudice Petitioner's motion to file the notice of appeal as within time, because Petitioner had not certified that he had advised his pool attorney about his desire to appeal. Petitioner did not re-file the appeal or petition the Supreme Court of New Jersey for a writ of certification.

Petitioner filed a petition for post-conviction relief ("PCR") in the trial court on December 10, 2007. On June 5, 2009, the trial court denied the PCR petition in its entirety. On December 16, 2010, the Appellate Division affirmed the denial of relief. State v. Paladino, 2010 WL 5109940 (N.J. Super. App.Div. Dec. 16, 2010). The Supreme Court of New Jersey denied certification on May 12, 2011. State v. Paladino, 206 N.J. 65 (2011).

By Letter dated February 11, 2012, Petitioner opened this matter in this Court by requesting an extension of time to file a petition for writ of habeas corpus under 28 U.S.C. § 2254, alleging that the transcripts of his state court proceedings had "gone missing" and that he required assistance and representation.[4] Thereafter, Petitioner submitted a Petition

---

[4] Under certain circumstances, a federal district court has jurisdiction to rule on such a request for extension of the limitations period or to construe such a request as a petition for writ of habeas corpus. See Anderson v. Pennsylvania Attorney General, No. 01-4065, 82 Fed.Appx. 745 (3d Cir. 2003). Here, this Court need not decide whether it would have been appropriate to so construe the Letter because, under any circumstances, the

dated April 20, 2012. Here, Petitioner asserts that the investigating officers failed to apprise him of his rights under Miranda v. Arizona, 384 U.S. 436 (1966); that he received ineffective assistance of trial counsel in connection with investigation of potential defenses and in connection with the guilty plea; that the guilty plea was not knowing and voluntary; and that PCR counsel had been ineffective for arguing that Petitioner did not act in self-defense.

Ineffective assistance of counsel in state post-conviction relief proceedings is not a ground for relief in a federal habeas corpus action. See 28 U.S.C. § 2254(i). Accordingly, that claim will be dismissed with prejudice. Because it appears that all remaining claims are untimely, Petitioner will be ordered to show cause why they should not be dismissed.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that

---

Petition is untimely even if it is deemed filed as early as February 11, 2012. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court" (citing Houston v. Lack, 487 U.S. 266 (1988))).

the applicant or person detained is not entitled thereto.

Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994). <u>See also</u> Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge <u>must</u> dismiss the petition . . . ." (emphasis added)).

Moreover, "[h]abeas corpus petitions must meet heightened pleading requirements." <u>McFarland v. Scott</u>, 512 U.S. at 856. A petition must "specify all the grounds for relief" and must set forth "facts supporting each ground." <u>See</u> Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970). Nevertheless, a federal district court can

6

dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

### III. ANALYSIS

A. The Statute of Limitations

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[5] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[5] The limitations period is applied on a claim-by-claim basis. See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002).

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Here, the factual and legal predicates of all of Petitioner's remaining claims were available to him as of the time judgment was imposed. Thus, evaluation of their timeliness requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. A state court's grant of leave to file an out-of-time direct appeal resets the date when the conviction becomes final under § 2244(d)(1). Jimenez v. Quartermain, 555 U.S. 113 (2009).

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. And an application is

8

> "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. More specifically, "The time that an application for state post conviction review is 'pending' includes the period between (1) a lower court's adverse

9

determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." Evans v. Chavis, 546 U.S. 189, 191 (2006) (finding that time between denial of post-conviction relief and filing of appeal was not tolled where appeal was untimely, even where state considered untimely appeal on its merits). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

10

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, because Petitioner did not file a timely appeal, his judgment became final on July 12, 2004, 45 days after judgment was entered. Accordingly, barring some ground for statutory or equitable tolling, he had until July 12, 2005, to file his federal habeas petition. Instead, this federal Petition could be deemed filed no earlier than February 11, 2012, more than six years out of time. Petitioner's filing of his state petition for post-conviction relief, after the expiration of the federal limitations period, cannot act to toll or resurrect the federal

11

limitations period that had already expired. Similarly, Petitioner has alleged no facts that would provide a ground for equitable tolling prior to the expiration of the federal limitations period on July 12, 2005.

For the foregoing reasons, Petitioner will be ordered to show cause why the remaining claims should not be dismissed with prejudice as time-barred.

B.   The Request for Counsel

Petitioner has asked that counsel be appointed to represent him in this matter.

There is no absolute constitutional right to appointed counsel in a federal habeas corpus proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992), superseded on other grounds by statute, 28 U.S.C. § 2254(d). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), however, this Court may appoint counsel to represent an indigent habeas petitioner if it determines "that the interests of justice so require." See also 28 U.S.C. § 1915(e) (permitting appointment of counsel for indigent civil litigants proceeding in forma pauperis).

> In exercising its discretion under §3006A,
>
> the district court must first decide if the petitioner
> has presented a nonfrivolous claim and if the
> appointment of counsel will benefit the petitioner and
> the court.  Factors influencing a court's decision
> include the complexity of the factual and legal issues
> in the case, as well as the pro se petitioner's ability

> to investigate facts and present claims. Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, or the issues were "straightforward and capable of resolution on the record," or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions."

Reese, 946 F.2d at 263-4 (citations omitted).

This standard is essentially the same as that applied under 28 U.S.C. § 1915(e). See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel to civil litigants proceeding in forma pauperis, a court should consider the following factors:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. ... If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.
> [Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).] This list of factors is not exhaustive, but instead should serve as a guide post for the district courts.
> Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases. Id. at 157.

Parham, 126 F.3d at 457-58.

Analysis of these factors reveals that appointment of counsel is not appropriate at this time. As a preliminary matter, Petitioner's application for a writ of habeas corpus appears dismissible as untimely. The timeliness issue appears straightforward. Accordingly, there is no reason at this time to appoint counsel.

C.  Mason Notice

Finally, this Court is required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify Petitioner of the consequences of filing a habeas Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and to give Petitioner an opportunity to file one all-inclusive § 2254 habeas Petition.

Under the AEDPA, as explained above, prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one § 2254 Petition all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive Petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d).

Here, it does not appear that Petitioner can assert any claims that are not time-barred. Nevertheless, if Petitioner

14

believes that he can assert any claims that are not untimely, he has the right to choose not to proceed with the Petition as filed, but to withdraw it and file one all-inclusive § 2254 petition <u>subject to the one-year statute of limitations</u>. If Petitioner chooses to proceed with this Petition as filed, he will not be permitted to file a second or successive petition under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances. In his response to the accompanying Order to show cause, Petitioner may advise the Court if he wishes to withdraw the Petition instead of proceeding, subject to the conditions noted above.

## IV.   CONCLUSION

For the reasons set forth above, the claim of ineffective assistance of post-conviction counsel will be dismissed with prejudice. Petitioner will be ordered to show cause why all remaining claims should not be dismissed with prejudice as time-barred. An appropriate order follows.

*[signature]*
Dennis M. Cavanaugh
United States District Judge

Dated: 4/8/13